```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
_____

CORNERSTONE SYSTEMS, INC.,         )
                                   )
     Plaintiff,                    )
                                   )
vs.                                )  No. 2:09-cv-02449-JPM-dkv
                                   )
CORNERSTONE TRANSPORTATION         )
SERVICES, INC.,                    )
                                   )
     Defendant.                    )
_____

            ORDER DENYING DEFENDANT'S MOTION TO STAY
_____
```

Before the Court is Defendant Cornerstone Transportation Services, Inc.'s Motion to Stay filed April 14, 2010. (D.E. 26.) Plaintiff Cornerstone Systems, Inc. filed a response in opposition to the motion on May 3, 2010. (D.E. 27.) For the following reasons, Defendant's motion is DENIED.

**I.   Background**

Plaintiff is the registered owner of United States Trademark Registration No. 3,322,601 ("'601 Registration") which covers the mark "CORNERSTONE." (See Compl. Ex. A (D.E. 1-1).) On July 12, 2009 Plaintiff initiated the instant lawsuit against Defendant alleging (1) trademark infringement, (2) trade name infringement, (3) unfair competition, (4) false designation of origin, (5) violations of the Tennessee Trademark Act, (6) violations of the Tennessee Consumer Protection Act, (7) unfair

1

competition, and (8) unjust enrichment.  (See generally Compl.) On September 24, 2009 Defendant filed its Answer and Counterclaim denying liability and requesting the Court to order the United States Patent and Trademark Office to cancel Plaintiff's '601 Registration.  (Answer and Countercl. (D.E. 12) at 12.)

On June 11, 2009 Plaintiff filed a trademark infringement lawsuit in this Court against Cornerstone Logistics USA, L.P. ("Cornerstone Logistics").  See Cornerstone Sys., Inc. v. Cornerstone Logistics USA, L.P., No. 09-cv-2361-SHM-cgc, (W.D. Tenn. June 11, 2009).  On March 22, 2010 Cornerstone Logistics filed a proceeding with the Patent and Trademark Office's Trademark Trial and Appeal Board ("TTAB") to cancel Plaintiff's '601 Registration.[1]  (Pl.'s Resp. at 3-4.)

On April 8, 2010 Cornerstone Transportation, Inc. ("CTI")[2] filed a separate cancellation proceeding with the TTAB seeking to cancel Plaintiff's '601 Registration.[3]  (Id. at 4-5.) Defendant requests that the Court stay the instant lawsuit

---

[1]   Plaintiff has filed a motion with the TTAB to suspend Cornerstone Logistics cancellation proceeding.  (See Pl.'s Resp. at 4.)

[2]   CTI is not a party in either trademark infringement lawsuit filed by Plaintiff currently pending in this Court.

[3]   Like Defendant in this case, Cornerstone Logistics has moved to stay case 09-cv-2361-SHM-cgc pending resolution of the TTAB proceeding. See Defendant's Motion to Stay Proceedings (D.E. 33), No. 09-cv-2361-SHM-cgc, (W.D. Tenn. April 23, 2010).  To date, the motion remains pending.

2

pending resolution of the TTAB proceedings. (Def.'s Mot. to Stay at 2.)

## II. Analysis

Pursuant to 15 U.S.C. § 1119, federal courts have concurrent jurisdiction with the TTAB over issues relating to the registration and cancellation of trademarks. See W & G Tenn. Imports, Inc. v. Esselte Pendaflex Corp., 769 F. Supp. 264, 266 (M.D. Tenn. 1991) (citation omitted). The Sixth Circuit has not established a clear test for determining when a federal court should issue a stay order pending the outcome of a TTAB proceeding. Several district courts in the Sixth Circuit have therefore looked to the rule established by the Second Circuit as a guide in making these determinations. See W & G Tenn. Imports, 769 F. Supp. at 266; see also Peabody Mgmt., Inc. v. Peabody Painting & Waterproofing, Inc., Order Denying Defendant's Motion to Stay Proceeding (D.E. 25), No. 07-cv-2675-BBD-dkv, at *3-4 (W.D. Tenn. Jan. 22, 2008); Nolan, LLC v. EZ Moving & Storage W., Inc., No. 05-70982, 2005 WL 2063949, at *3 (E.D. Mich. Aug. 24, 2005).

In Goya Foods, Inc. v. Tropicana Products, Inc., 846 F.2d 848 (2d Cir. 1988), the Second Circuit developed a framework for determining whether a federal court should issue a stay order pending the outcome of a TTAB proceeding. The court stated that if the district court action involves only the issue of "whether

3

a mark is entitled to registration," a grant of a stay of proceedings under the doctrine of primary jurisdiction[4] is appropriate because the benefits of awaiting the TTAB ruling would rarely be outweighed by the need for a prompt adjudication.  Id. at 853.  If the district court action, however, involves issues of infringement, the interest in prompt adjudication "far outweighs" the value of having the benefit of the views of the TTAB.  Id. at 853-54; see also W & G Tenn. Imports, 769 F. Supp. at 265 ("The weight of authority indicates that the [primary jurisdiction] doctrine is not normally applied in cases where questions of trademark validity and trademark infringement are involved." (citations omitted)).

    The Court finds Goya persuasive and thus declines to stay the proceedings in this Court.  Although the instant litigation involves the issue of whether Plaintiff's mark is entitled to registration, it also involves claims of trademark infringement, Tennessee state law claims, and the appropriateness of injunctive or monetary relief.  Because the TTAB's sole exercise of jurisdiction is limited to issues of trademark registration,

---

[4]    The doctrine of primary jurisdiction,

> applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views.

United States v. W. Pac. R.R. Co, 352 U.S. 59, 64 (1956).

see PHC, Inc. v. Pioneer Heathcare, Inc., 75 F.3d 75, 80 (1st Cir. 1996) (noting that the "[TTAB] cannot give relief for an infringement claim, either injunctive or by way of damages"), judicial economy is facilitated by denying a stay in this instance.

Furthermore, Defendant has provided no evidence that the trademark registration issues in this case are unusually technical or complex.  "In the absence of such a showing, the Court has no reason to defer to the [TTAB]."  Holley Perf. Prods., Inc. v. Quick Fuel Tech., Inc. 624 F. Supp. 2d 610, 614 (W.D. Ky. 2008); see also W & G Tenn. Imports, 769 F. Supp. at 266 ("[D]eferral to the Patent and Trademark Office in cases where trademark infringement is alleged is unnecessary where the issues do not involve highly technical questions or subject matter.").  Defendant's Motion to Stay is therefore DENIED.

**IT IS SO ORDERED,** this 11th day of May, 2010.

/s/ JON PHIPPS McCALLA
CHIEF UNITED STATES DISTRICT JUDGE